UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **STEPHEN WILHELM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO: 1:19-cv-1332 |
| | ) |
| **PILKINGTON NORTH AMERICA, INC.** | ) |
| **RETIREE HEALTH CARE PLAN and** | ) |
| **PILKINGTON NORTH AMERICA, INC.** | ) |
| **as plan administrator for the plan,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

**1.** Plaintiff, Stephen Wilhelm, (hereinafter "Wilhelm"), by counsel, brings this Complaint against Defendants, Pilkington North America, Inc. Retiree Health Care Plan ("Pilkington Plan") and Pilkington North American, Inc. ("Pilkington) as plan administrator for the plan (collectively referred to as "Defendants"), alleging a violation of Section 502(a)(1)(B) of the Employee Retirement Income and Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(1)(B), and Section 502(a)(3) of ERISA, as amended, 29 U.S.C. § 1132(a)(3) for enforcement of his rights as protected by ERISA.

### II. PARTIES

**2.** Wilhelm is a resident of the State of Indiana, who at all relevant times resided within the geographic boundaries of the Southern District of Indiana.

3. Defendant, Pilkington North America, Inc., is a corporation that maintains offices and conducts business in the Southern District of Indiana.

4. The Pilkington North America, Inc. Retiree Health Care Plan was administered in this District, some or all of the breaches for which relief is sought occurred in this District, and/or because one or more of the Defendants reside in or can be found in this District.

### III. Jurisdiction and Venue

5. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 29 U.S.C. § 1132.

6. Pilkington is an "employer" as that term is defined by 29 U.S.C. § 1002(5).

7. Wilhelm was an "employee" as that term is defined by 29 U.S.C. § 1002(6).

8. Pilkington is a "person" within the meaning of 42 U.S.C. § 1002(9).

9. Wilhelm is a "participant" within the meaning of 29 U.S.C. § 1002(7).

10. Wilhelm is a "beneficiary" within the meaning of 29 U.S.C. § 1002(8).

11. Pilkington maintains and sponsors an "employee welfare benefit plan"; "employee benefit plan"; and "plan" for its employees as defined by 29 U.S.C. § 1002(1)-(3).

12. Plaintiff has standing to bring this action pursuant to 29 U.S.C. § 1132(a)(1)(B) because Plaintiff brings this action to recover benefits due him under the terms of the Pilkington Plan, to enforce his rights under the terms of the Pilkington Plan, and/or to clarify his rights to future benefits under the terms of the Pilkington Plan.

13. Plaintiff also has standing to bring this action pursuant to 29 U.S.C. § 1132(a)(3)(A) & (B) because Plaintiff brings this action to enjoin acts and practices which violate provisions of ERISA and/or the terms of the Pilkington Plan, and/or to obtain other appropriate

equitable relief to redress such violations or to enforce provisions of ERISA or of the Pilkington Plan.

14. Plaintiff exhausted administrative remedies under the Plan prior to initiating this action.

15. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

16. Wilhelm, born in 1954, was hired as an hourly employee to work for NSG (Pilkington) at its Shelbyville, Indiana location in 1990. Beginning in 2003, Wilhelm became a salary employee, when he was promoted as a Quality Ambassador, which required him to work out of Pilkington's Toledo, Ohio office.

17. Wilhelm retired from Pilkington in June 2018.

18. At the time that he retired, Wilhelm worked at the Toledo Office for more than five years and was 63-years-old with 28-years of experience.

19. Throughout Wilhelm's employment, he participated as a beneficiary in the Pilkington Plan, attached hereto as Exhibit A. The Pilkington Plan provides that an individual is eligible for post-employment healthcare coverage if the individual is (1) hired prior to August 1, 1997; (2) if the individual worked at one of the identified locations for at least five years, which includes the Toledo Office; and (3) at the time the individual's employment ends, the individual is either age 60 or older with 15 or more years of service, or age 55 or older with combined age and service totaling 85 or more (e.g. age 57 with 28 years of service).

20. Mr. Wilhelm is eligible for post-employment healthcare coverage.

21. Mr. Wilhelm applied for the post-employment healthcare coverage.

22. Mr. Wilhelm's application for the post-employment healthcare coverage was denied.

23. Defendants' reason for denying Mr. Wilhelm's application for the post-employment healthcare coverage violates Section 502(a)(1)(B) and Section 502(a)(3) of ERISA.

## V. CAUSES OF ACTION

### COUNT I: ERISA – VIOLATION OF SECTION 502(a)(1)(B)

24. Wilhelm hereby incorporates paragraphs one (1) through twenty-three (23) of his Complaint as if the same were set forth at length herein.

25. Wilhelm was a participant in the Pilkington Plan, who is due benefits under the terms of the Plan and seeks to enforce his rights under the terms of the plan.

26. Defendants have refused to pay Plaintiff under the terms of the Pilkington Plan.

27. Defendant interfered with his attainment of a benefit under its employee benefit plan in violation of the Employee Retirement Income and Security Act of 1974, as amended, 29 U.S.C. § 1132(1)(B).

28. Wilhelm has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: BREACH OF FIDUCIARY DUTIES

29. Plaintiff hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint as if the same were set forth at length herein.

30. As a fiduciary, Pilkington was required under 29 U.S.C. § 1104(a)(1) [ERISA § 404(a)(1)] to administer the Pilkington Plan in the sole interest of participants and beneficiaries

and for the exclusive purpose of providing benefits. Section 404(a)(1) also requires ERISA fiduciaries to discharge their duties with the care, skill, prudence and diligence that a prudent person acting in like capacity and familiar with the operation of a defined benefit would exercise. A fiduciary that negligently carries out his or her duties under the Pilkington Plan violates Section 404's standard of reasonable care. The duty of reasonable care also assumes that the fiduciaries will diligently act to correct problems that may jeopardize the interests of participants/beneficiaries.

31. Defendants breached their fiduciary duties owed under ERISA by failing to pay Plaintiff under the terms of the Pilkington Plan.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Stephen Wilhelm, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Defendants to restore any and all benefits to which Plaintiff would have been entitled;

2. Defendants to pay Plaintiff for all lost benefits he was entitled to receive in the past but was not paid;

3. Defendants to pay interest on all lost benefit amounts he was entitled to receive in the past but was not paid;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. All costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7.All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANCYH & MACER, LLC

*/s/ Ryan Sullivan*
Ryan Sullivan, Atty No. 34217-64
8888 Keystone Crossing, Suite 1300
Indianapolis, IN 46240
Telephone:  (317) 575-4108
Facsimile:   (812) 424-1005
Email:  rsullivan@bdlegal.com

*Attorneys for Plaintiff, Stephen Wilhelm*

## DEMAND FOR JURY TRIAL

Plaintiff, Stephen Wilhelm, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANCYH & MACER, LLC

*/s/ Ryan Sullivan*
Ryan Sullivan, Atty No. 34217-64
8888 Keystone Crossing, Suite 1300
Indianapolis, IN 46240
Telephone:  (317) 575-4108
Facsimile:   (812) 424-1005
Email:  rsullivan@bdlegal.com